UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ELIANGELA ZAIT, and all others similarly situated,

    Plaintiff,

vs.

CLAUDIA G. ARANGO, MD, P.A., a Florida professional association, and CLAUDIA G. ARANGO, M.D., individually,

    Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, ELIANGELA ZAIT, by and through her undersigned attorney, and hereby sues Defendants, CLAUDIA G. ARANGO, MD, P.A., a Florida professional association, and CLAUDIA G. ARANGO, M.D., individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The Corporate Defendant regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiff while she was employed by the Defendant.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. CLAUDIA G. ARANGO, MD, P.A.'s (herein referred to as ARANGO PA) business activities involves those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

7. Upon information and belief, the annual gross income for the Defendant ARANGO PA during the years 2013, 2014, and 2015 was in excess of $500,000.00, annually.

8. Upon information and belief, the annual gross income for the Defendant ARANGO PA during 2016 is expected to be in excess of $500,000.00, annually.

9. By reason of the foregoing, ARANGO PA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

10. Plaintiff was engaged in interstate commerce as she regularly and recurrently worked with instrumentalities of interstate commerce. Plaintiff would regularly and recurrently make interstate phone calls and facsimile transmissions (e.g. to insurance carriers), send interstate mail packages, and used internet lines to communicate with parties in other states, as part of her general job duties.

11.     The individual Defendant, CLAUDIA ARANGO, M.D. (hereinafter referred to as CLAUDIA MD), is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs.  Defendant CLAUDIA MD controlled the purse strings for the corporate Defendant. Defendant CLAUDIA MD hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

12.     Plaintiff re-alleges and re-avers paragraphs 1 through 11 as fully set forth herein.

13.     The corporate Defendant is a medical clinic. Plaintiff was employed as a non-exempt office employee from approximately March 2011 through May 2012, and from June 2013 through May 20, 2016.

14.     Plaintiff worked approximately forty-two hours per week from approximately March 2011 through May 2012 and June 2013 through September 2015.  Plaintiff was paid $14.00 per hour. Plaintiff was not paid any overtime wages when she worked more than 40 hours per week. Plaintiff is owed overtime wages at a rate of time-and-one-half the regular rate for approximately two hours per week during the aforementioned period.

15.     Plaintiff worked approximately forty-two hours per week during the month of October 2015.  Plaintiff was paid $17.00 per hour. Plaintiff was not paid any overtime wages when she worked more than 40 hours per week. Plaintiff is owed overtime wages at a rate of time-and-one-half the regular rate for approximately two hours per week during the aforementioned period.

16. Plaintiff worked approximately forty-six hours per week during the month of November 2015. Plaintiff was paid $17.00 per hour for the first 40 hours per week and was paid $14.00 per hour for 4 overtime hours, and was not paid any overtime wages for 2 overtime hours. Plaintiff is owed overtime wages at a rate of time-and-one-half the regular rate for each hour worked over 40 hours weekly.

17. Plaintiff worked approximately forty-six hours per week during the month of December 2015. Plaintiff was paid $17.00 per hour for the first 40 hours per week and was not paid any overtime wages for 6 overtime hours. Plaintiff is owed overtime wages at a rate of time-and-one-half the regular rate for each hour worked over 40 hours weekly.

18. Plaintiff worked approximately forty-two hours per week from approximately January 2016 through May 2016. Plaintiff was paid $17.00 per hour during the month of October 2015. Plaintiff was not paid any overtime wages when she worked more than 40 hours per week. Plaintiff is owed overtime wages at a rate of time-and-one-half the regular rate for approximately two hours per week during the aforementioned period.

19. The similarly situated individuals are those individuals whom were employed by the Defendant as office employees and whom were not paid overtime wages, in whole or in part.

20. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

21.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendant was aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendant having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendant did not alter their pay practices to pay overtime wages.

22.     Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: June 6, 2016

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
20801 Biscayne Blvd., Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone 305-773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561